IN THE UNITED STATES BANKRUPTCY COURT FOR THE
WESTERN DISTRICT OF MISSOURI

IN RE:                                       )
                                             )
FREDDIE EARL BELL and                        )   Case No.  05-61943
ALICE FAYE BELL,                             )
                                             )
             Debtors.                        )

MEMORANDUM OPINION

The Chapter 7 trustee objected to debtors' claim of exemption in a 2000 Dodge pickup. This is a core proceeding under 28 U.S.C. § 157(b)(2)(B) over which the Court has jurisdiction pursuant to 28 U.S.C. § 1334(b), 157(a), and 157(b)(1).  The following constitutes my Findings of Fact and Conclusions of Law in accordance with Rule 52 of the Federal Rules of Civil Procedure as made applicable to this proceeding by Rule 7052 of the Federal Rules of Bankruptcy Procedure. For the reasons set forth below, I will overrule the trustee's objection.

FACTUAL BACKGROUND

On July 17, 2005, debtors filed this Chapter 7 bankruptcy petition. They claimed as exempt two vehicles; a 2000 Dodge Ram, valued at $6,850.00 and a 1995 Grand Am, valued at $1350.00. Debtors used their head of household exemption in the amount of $1,150, both wild card exemptions in the amount of $1,050, one vehicle exemption in the amount of $3000, and a portion of the other vehicle exemption in the amount of $1,650 to exempt the value of the Dodge Ram. The trustee, relying on *In re Hinkley*,[1] objected to debtors'

---

[1] 2005 WL 2371968 (Bankr. W.D. Mo. September 7, 2005).

application of a portion of one vehicular exemption to exempt another vehicle. At the hearing, counsel for the debtors directed this Court to a more recent opinion interpreting the same statute, *In re Scott*.[2] Trustee's counsel asked to be given a week to respond to the arguments raised by the debtor, but nothing has been filed.

## DISCUSSION

The Bankruptcy Code (the Code) permits a state to opt out of the federal bankruptcy exemption scheme.[3] The State of Missouri has exercised this option.[4] Section 513.427 of Missouri's Revised Statutes provides that:

> Every person by or against whom an order is sought for relief under Title 11, United States Code, shall be permitted to exempt from property of the estate any property that is exempt from attachment and execution under the law of the state of Missouri or under federal law, other than Title 11, United States Code, Section 522(d), and no such person is authorized to claim as exempt the property that is specified under Title 11, United States Code, Section 522(d).[5]

A right to claim certain property as exempt is, therefore, controlled by state law. In Missouri the "following property is exempt from attachment and execution to the extent of any person's interest therein: . . . Any motor vehicle in the aggregate, not to exceed three thousand dollars in value."[6] In 2003 the Missouri legislature amended the motor vehicle

---

[2] 2005 WL 2429724 (Bankr. E.D. Mo. September 21, 2005).

[3] 11 U.S.C. § 522(b)(1).

[4] Mo. Stat. Ann. § 513.427 (2002).

[5] *Id.*

[6] Mo. Stat. Ann. § 513.430.1(5) (Supp. 2005).

exemption. Prior to that time the statute read as follows: "the following property shall be exempt from attachment and execution to the extent of any person's interest therein: . . . Any motor vehicle, not to exceed one thousand dollars in value."[7] This prior statute had been interpreted to limit a debtor's exemption to such debtor's interest in one motor vehicle.[8]

In both *Hinkley* and *Struckhoff,* the courts relied on the legislature's use of the term "vehicle" in the singular.[9] As the *Scott* court pointed out, however, Section 1.030.2 of Missouri's Revised Statutes provides as follows: "[w]hen any subject matter, party or person is described or referred to by words importing the singular number or the masculine gender, several matters and persons, and females as well as males, and bodies corporate as well as individuals are included."[10] Thus, *Scott* held that section 513.430.1(5) is deemed to refer to "any motor vehicles" as well as "any motor vehicle."

It is not at all clear what the legislature intended in the 2003 amendment. However, it may well be that the addition of the term "in the aggregate" was intended to overrule cases, such as *Struckhoff,* which limited debtors to one vehicle each. While susceptible of different definitions, the term "in the aggregate" has been defined by one dictionary to mean "considered as a whole: COLLECTIVELY."[11] And, "any" is defined to mean "one, some,

---

[7] Mo. Stat. Ann. § 513.430.1(5) (2002).

[8] *In re Struckhoff,* 231 B.R. 69 (Bankr. E.D. Mo. 1999).

[9] 2005 WL 2371968 at * 1.

[10] Mo. Stat. Ann. § 1.030.2 (2000).

[11] Merriam-Webster's Collegiate Dictionary 23 (10th ed. 1997).

or all indiscriminately of whatever quantity."[12] Based on those definitions, I hold that the 2003 amendment was intended to allow each debtor to collectively take an exemption of $3,000.00 in any number of motor vehicles.

The two sides of the state were consistent with each other on this issue under the prior version of the vehicle exemption statute. By holding that the 2003 amendment was intended to allow debtors to claim more than one vehicle as exempt, we can hopefully be consistent again.

I, therefore, find that the Missouri legislature amended section 513.430(5) of Missouri's Revised Statutes to allow debtors to allocate their vehicular exemption as they choose, as long as the total amount exempted does not exceed $3,000.00 per debtor. As such, I will OVERRULE the trustee's objection.

An Order in accordance with this Memorandum Opinion will be entered this date.

                                              /s/ Arthur B. Federman
                                                Bankruptcy Judge

Date: November 9, 2005

---

[12] Merriam-Webster's Collegiate Dictionary 53 (10th ed. 1997).